## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

John Doe 1,

      Plaintiff,

          Case No. 2:23-cv-3875

  v.

          Judge Michael H. Watson

Gallia County Local Schools
Board of Education, *et al.*,

          Magistrate Judge Vascura

      Defendants.

---

John Doe 2,

      Plaintiff,

          Case No. 2:23-cv-3927

  v.

          Judge Michael H. Watson

Gallia County Local Schools
Board of Education, *et al.*,

          Magistrate Judge Vascura

      Defendants.

---

John Doe 3,

      Plaintiff,

          Case No. 2:23-cv-4008

  v.

          Judge Michael H. Watson

Gallia County Local Schools
Board of Education, *et al.*,

          Magistrate Judge Vascura

      Defendants.

John Doe 4,

        Plaintiff,

                            Case No. 2:23-cv-4103

    v.

                            Judge Michael H. Watson

Gallia County Local School
District Board of Education, *et al.*,        Magistrate Judge Vascura

        Defendants.

---

John Doe 5,

        Plaintiff,

                            Case No. 2:24-cv-79

    v.

                            Judge Michael H. Watson

Gallia County Local Schools
Board of Education, *et al.*,        Magistrate Judge Vascura

        Defendants.

---

Jane Doe 1,

        Plaintiff,

                            Case No. 2:24-cv-184

    v.

                            Judge Michael H. Watson

Gallia County Local Schools
Board of Education, *et al.*,        Magistrate Judge Vascura

        Defendants.

## OPINION AND ORDER

For the reasons below, the Court sua-sponte **CONSOLIDATES** the above-captioned cases.

Plaintiffs' claims arise out of various alleged incidents of child sexual abuse, spanning many years, perpetrated by Defendant Mathew Huck, a teacher and wrestling coach at River Valley High School in Gallia County Local School District, and his former spouse, Defendant Michal Paige Huck, a former substitute teacher and former cheerleading coach at River Valley High School in Gallia County Local School District. *See e.g.*, Compl., ECF No. 1, Case No. 2:23-cv-3875. Plaintiffs allege that Defendant Gallia County Local Schools Board of Education, by and through its authorized officials, knew of the abuse but did not adequately investigate, prevent, and report the alleged sexual abuse. *See generally, id.*

All Plaintiffs bring the same types of claims. Plaintiffs each bring a § 1983 claim against all Defendants for violating their bodily integrity under the Fourth and Fourteenth Amendments (Count I), as well as state-law claims against all Defendants for: negligent, reckless, and intentional misconduct (Count VII) and intentional infliction of emotional distress (Count VIII). *See e.g., id.* ¶¶ 108–23, 174–92. Plaintiffs bring Title IX claims (Counts II and III) and a § 1983 claim for *Monell* liability against Defendant Gallia County Local Schools Board of

Case No. 2:23-cv-3875
Case No. 2:23-cv-3927
Case No. 2:23-cv-4008
Case No. 2:23-cv-4103
Case No. 2:24-cv-79
Case No. 2:24-cv-184

Education (Count IV). *See e.g., id.* ¶¶ 124–56. Plaintiffs bring a state-law claim

against Defendants Michal Paige Huck and Matthew Huck for childhood sexual

assault and battery under Ohio Revised Code § 2305.111 (Count V). *See, e.g.,*

*id.* ¶¶ 157–65. Finally, Plaintiffs bring a state-law claim against Defendants

Michal Paige Huck, Matthew Huck, Jude Meyers (former superintendent),

Timothy Ryan Edwards (former principal),[1] James Michael Jacobs (former

principal), and Otho Edward Moore (former administrator and former acting

principal), for damages for a criminal act under Ohio Revised Code § 2307.60

(Count VI). *See e.g., id.* ¶¶ 166–73.

To promote judicial economy, Federal Rule of Civil Procedure 42

authorizes a court to consolidate two or more cases when each involves a

common question of law or fact. Fed. R. Civ. P. 42(a). Whether cases that

involve the same factual and legal questions should be consolidated is within the

discretion of the trial court. *Cox v. Blue Cross Blue Shield of Mich.*, No. 14-cv-

13556, 2015 WL 13065092, at *1 (E.D. Mich. Sept. 10, 2015) (citing *Cantrell v.*

*GAF Corp.*, 999 F.2d 1007, 1011 (6th Cir. 1993)).

---

[1] Jude Myers and Timothy Ryan Edwards are Defendants to cases numbered 2:23-cv-3875 and 2:23-cv-3927. Jude Myers and Timothy Ryan Edwards are not named as Defendants in cases numbered 2:23-cv-4008, 2:23-cv-4103, 2:24-cv-79, and 2:24-cv-184. Otherwise, Defendants are the same in all cases.

Case No. 2:23-cv-3875                                  Page 4 of 6
Case No. 2:23-cv-3927
Case No. 2:23-cv-4008
Case No. 2:23-cv-4103
Case No. 2:24-cv-79
Case No. 2:24-cv-184

Upon review, the Court finds that the cases should be consolidated. These cases involve similar factual allegations—namely, the instances of alleged child sexual abuse perpetrated by Defendants Matthew Huck and Michal Paige Huck, as well as various reports made by victims and witnesses to authorized officials of River Valley High School. The cases also involve common legal questions, as they all allege the same types of claims. Consolidation will best serve the goals of the Federal Rules of Civil Procedure by promoting judicial efficiency, avoiding duplicative and potentially contradictory rulings, and reducing the complexity of the cases. *Magna Electronics Inc. v. TRW Auto. Holdings Corp.*, Nos. 1:12-cv-654, 1:13-cv-324, 1:13-cv-687, 2013 WL 12086667, at *3 (W.D. Mich. Sept. 25, 2013).

Thus, the Court **ORDERS** that the above-captioned cases be consolidated into case number 2:23-cv-3875. The Court further **ORDERS** Plaintiffs to file a consolidated complaint in case number 2:23-cv-3875 **within 30 days** of the entry of this order. All future filings shall be made only in case number 2:23-cv-3875.

Additionally, Defendant Michal Paige Huck has moved to stay each of these cases during the pendency of criminal charges against her for similar misconduct as that which forms the bases of these cases. *See* ECF No. 17, Case No. 2:23-cv-3875; ECF No. 15, Case No. 2:23-cv-3927; ECF No. 10, Case No. 2:23-cv-4008; ECF No. 8, Case No. 2:23-cv-4103; ECF No. 9, Case No.

Case No. 2:23-cv-3875                                                                Page 5 of 6
Case No. 2:23-cv-3927
Case No. 2:23-cv-4008
Case No. 2:23-cv-4103
Case No. 2:24-cv-79
Case No. 2:24-cv-184

2:24-cv-79; ECF No. 8, Case No. 2:24-cv-184.  Because these cases are now consolidated and the motions are identical, Plaintiffs are **ORDERED** to jointly respond only in case number 2:23-cv-3875 to Defendant Michal Paige Huck's motion, ECF No. 17, by **March 4, 2024.**  Defendant Michal Paige Huck may reply only in case number 2:23-cv-3875.

The Clerk shall terminate the following motions: ECF No. 15 in case number 2:23-cv-3927, ECF No. 10 in case number 2:23-cv-4008, ECF No. 8 in case number 2:23-cv-4103, ECF No. 9 in case number 2:24-cv-79, and ECF No. 8 in case number 2:24-cv-184.

**IT IS SO ORDERED.**

**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**

Case No. 2:23-cv-3875
Case No. 2:23-cv-3927
Case No. 2:23-cv-4008
Case No. 2:23-cv-4103
Case No. 2:24-cv-79
Case No. 2:24-cv-184

Page 6 of 6